**COMMONWEALTH OF PENNSYLVANIA, Petitioner,**

v.

**Peter BARONE, Respondent.**

**In re Peter BARONE & Frances Barone.**

**Misc. No. 82–0359.**

United States District Court, E.D. Pennsylvania.

Oct. 20, 1982.

Sarah B. Vandenbraak, Asst. Dist. Atty., Philadelphia, Pa., for petitioner.

Robert LaPowsky, Philadelphia, Pa., for respondent.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is a petition by the District Attorney of Philadelphia to reverse the order of the Bankruptcy Judge enjoining criminal prosecution of the bankrupt. The Bankruptcy Court enjoined the Philadelphia District Attorney's Office from continuing the criminal prosecution of the bankrupt-respondent, Peter Barone.[1] This court reverses for the following reasons:

This court reverses the order of the Bankruptcy Judge which precludes the Commonwealth from engaging in any aspect of the criminal proceeding. Unless this court enters such an order the prosecution could be dismissed with prejudice because the Commonwealth will be unable to comply with Pa.R.Crim.P. 6013, the Pennsylvania speedy trial rule for misdemeanors, which requires that the Commonwealth try the defendant within one hundred twenty days after the criminal prosecution is instituted. A resulting dismissal will irreparably harm the prosecution of alleged criminal conduct and the court has a substantial interest in protecting prosecution in its duty to enforce not only the criminal laws but all laws.

The reversal will not cause "substantial harm" to respondent or to the public.

---

1. The trial is set for October 20, 1982.

Rather, the denial of reversal will cause "substantial harm" to the public for it would undermine the public's confidence in the criminal justice system and the public's interest in the prompt disposition of criminal trials.

This court also reverses in light of future considerations. A criminal prosecution was pending here, which should be of no consideration in a Bankruptcy Court. Otherwise, every person against whom a criminal prosecution has been instituted will have the opportunity to apply to a Bankruptcy Court to enjoin the prosecution from proceeding. This court should not allow itself to be used in such a manner or in any manner to avoid a lawful process.

Further, the interests of the Bankruptcy Judge will not be served by the enforcement of the injunction. The interests of a Bankruptcy Judge are to protect the assets of the bankrupt for distribution to creditors. Here, the Philadelphia District Attorney's Office specifically informed the Judge that it would not seek restitution of the amount for which the bankrupt-respondent allegedly defrauded the complainant. The Bankruptcy Judge has no interest in enjoining the criminal prosecution since no assets of the bankrupt are involved in the proceedings.

Finally, under the Bankruptcy Code an automatic stay is created upon filing a voluntary bankruptcy petition. 11 U.S.C. § 362(a). An exception to the stay provision is "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). Because the action of the District Attorney squarely fits within the exception to the automatic stay provision, the stay does not operate to enjoin the criminal prosecution.

### ORDER

The order of the Bankruptcy Judge to enjoin criminal prosecution of Peter Barone is reversed. The Philadelphia District Attorney's Office may immediately proceed with the criminal prosecution of Peter Barone set for October 20, 1982.

IT IS SO ORDERED.